# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL R. LOVE, | CASE NO. 1:11-cv-01903-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| MATTHEW CATE, et al., | |
| Defendants. | (Doc. 1) |
| _____/ | THIRTY-DAY DEADLINE |

## First Screening Order

### I.    Screening Requirement

Plaintiff Carl R. Love, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 16, 2011.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice," <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing <u>Bell Atlantic</u> <u>Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  <u>Iqbal</u>, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  <u>Iqbal</u>, 556 U.S. at 678-79; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  <u>Iqbal</u>, 556 U.S. at 678; <u>Moss</u>, 572 F.3d at 969.

**II.    Discussion**

**A.    Summary of Basis for Claims**

Plaintiff seeks to impose liability on nineteen defendants, all of whom work for the California Department of Corrections and Rehabilitation, for violating his rights under the Eighth Amendment of the United States Constitution from 2005 to the present while he was incarcerated at four different prisons: Deuel Vocational Institution (DVI), California State Prison-Corcoran, Pleasant Valley State Prison, and Avenal State Prison.  Plaintiff suffers from a hyperactive thyroid and asthma; his TB (tuberculosis) code is 32;[1] and his medical condition causes him to suffer severe pain, necessitating daily pain medication.  Plaintiff's Eighth Amendment claims arise from his transfer to an area of the state endemic for Valley Fever and the failure of Defendants to evaluate Plaintiff and perform tests to determine if he is susceptible to Valley Fever.

**B.    Legal Standard**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement.  <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing <u>Farmer v. Brennan</u>,

---

[1] What is meant by this code is not explained.

2

511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  <u>Morgan</u>, 465 F.3d at 1045 (citing <u>Rhodes</u>, 452 U.S. at 347) (quotation marks omitted).

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, <u>Morgan</u>, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.  <u>E.g.</u>, <u>Farmer</u>, 511 U.S. at 847; <u>Thomas v. Ponder</u>, 611 F.3d 1144, 1151-52 (9th Cir. 2010); <u>Foster v. Runnels</u>, 554 F.3d 807, 812-14 (9th Cir. 2009); <u>Morgan</u>, 465 F.3d at 1045; <u>Johnson</u>, 217 F.3d at 731; <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998).

### C.    Claim Arising from Events at DVI - Venue and Timeliness

Plaintiff was housed at DVI, which is a reception center, from approximately March 19, 2005, to July 7, 2005.  Two issues arise with respect to Plaintiff's attempt to pursue a claim against staff at DVI in this action.

First, venue is proper in the Sacramento Division of the Eastern District of California, <u>see</u> <u>Costlow v. Weeks</u>, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise defective venue sua sponte); <u>Davis v. Mason County</u>, 927 F.2d 1473, 1479 (9th Cir. 1991) (courts have broad discretion regarding severance), and the claim does not appear to be sufficiently related to Plaintiff's claims for which venue is proper for the Court to overlook this deficiency, <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (citing Fed. R. Civ. P. 18(a)).[2]

///

---

[2] "Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (citing Fed. R. Civ. P. 18(a)).  Venue issues aside, if the Court determines that any of Plaintiff's claims are unrelated, they are subject to dismissal on that ground.

Second, the claim appears to be barred by the statute of limitation.  Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."  Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999).  Because section 1983 contains no specific statute of limitation, federal courts should apply the forum state's statute of limitations for personal injury actions.  Jones v. Blanas, 393 F.3d 918, 927 (2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914.  California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003.  Cal. Civ. Proc. Code § 335.1 (West 2012); Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.

In actions where the federal court borrows the state statute of limitation, courts should also borrow all applicable provisions for tolling the limitations period found in state law.  Jones, 393 F.3d at 927.  Under California law, prisoners who at the time the cause of action accrued were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction enjoy a two-year tolling provision for damages actions.  Cal. Civ. Proc. Code § 352.1 (West 2012).

Thus, assuming Plaintiff was not sentenced to prison without the possibility of parole, he had four years from the date of accrual of his claim to file suit.  Although there are some equitable tolling provisions which may apply, McDonald v. Antelope Valley Community College Dist., 45 Cal.4th 88, 101-03 (Cal. 2008), Plaintiff brought suit more than six years after his claim at DVI accrued, leaving it unlikely, although not impossible, that the claim is timely, Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010).  To the extent that Plaintiff believes in good faith either deficiency is curable, he must amend to set forth those facts which demonstrate his claim is timely and should be allowed to proceed in this action.

### D.    Failure to Allege Facts Sufficient to Support Eighth Amendment Claim

Plaintiff's complaint sets forth no facts which support a claim that Defendants knowingly disregarded a substantial risk of harm to his health at any of the four prisons identified.  Neither Plaintiff's disagreement with his transfer to prisons in the Central Valley nor his belief that he is entitled to further evaluation and/or testing as it relates to his susceptibility to Valley Fever supports a claim.  Plaintiff's factual allegations must show (1) the existence of a sufficiently serious

4

deprivation (2) which was knowingly disregarded by each named defendant.  Farmer, 511 U.S. at 847

### III.   Conclusion and Order

In conclusion, Plaintiff's complaint fails to state a claim under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, __ F.3d __, __, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.   Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2.   The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///

///

///

///

///

///

5

4.    If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

**Dated:    September 23, 2012**                    /s/ **Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE