# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL R. LOVE,<br><br>        Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:11-cv-01903-SKO PC<br><br>ORDER DENYING MOTION FOR COUNSEL, GRANTING FINAL EXTENSION OF TIME, AND DIRECTING CLERK'S OFFICE TO SEND PLAINTIFF COURTESY COPY OF SCREENING ORDER AND COMPLAINT FORM<br><br>(Doc. 17)<br><br>FORTY-FIVE DAY DEADLINE |

      Plaintiff Carl R. Love, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 16, 2011.  On September 24, 2012, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim under section 1983.  On February 27, 2013, Plaintiff filed a motion seeking a third extension of time and for the appointment of counsel.

      Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981).  The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist.  Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.  Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331.  Neither consideration is

1  dispositive and they must be viewed together. Palmer, 560 F.3d at 970 (citation and quotation marks
2  omitted); Wilborn 789 F.2d at 1331.
3       In the present case, the Court does not find the required exceptional circumstances. Even if
4  it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations
5  which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with
6  similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a
7  determination that Plaintiff is likely to succeed on the merits, and based on a review of the record
8  in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.
9       The Court will grant Plaintiff one final extension of time to file an amended complaint in
10  compliance with the screening order. The record in this action demonstrates that Plaintiff is
11  articulate and capable of drafting a pleading setting forth the facts he believes show a violation of
12  his constitutional rights. Plaintiff will be provided with a courtesy copy of the screening order and
13  another complaint form, but no additional extensions of time will be granted.
14       Based on the foregoing, it is HEREBY ORDERED that:
15      1.   Plaintiff's motion for the appointment of counsel is DENIED, without prejudice;
16      2.   Plaintiff's motion for an extension of time is GRANTED;
17      3.   Within **forty-five (45) days** from the date of service of this order, Plaintiff shall file
18         an amended complaint;
19      4.   The Clerk's Office shall send Plaintiff a courtesy copy of the screening order and a
20         complaint form;
21      5.   The failure to file an amended complaint will result in dismissal of this action, with
22         prejudice, for failure to state a claim under section 1983; and
23      6.   No further extensions of time will be granted.
24
25  IT IS SO ORDERED.
26  **Dated:   March 22, 2013**          /s/ Sheila K. Oberto
                                     UNITED STATES MAGISTRATE JUDGE
27
28