# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL R. LOVE, | Case No. 1:11-cv-01903-SKO (PC) |
| Plaintiff, | SECOND SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| v. | |
| MATTHEW CATE, et al., | |
| Defendants. | (Doc. 19) |

**Second Screening Order**

**I.   Screening Requirement and Standard**

Plaintiff Carl R. Love, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 16, 2011. On September 24, 2012, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state any claims. After obtaining three extensions of time, Plaintiff filed an amended complaint on May 8, 2013.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.     Discussion**

   **A.     Summary of Amended Complaint**

Plaintiff, who is currently incarcerated at California Institution for Men in Chino, California, seeks to hold prison officials liable for transferring him to several prisons in California's Central Valley, where he contracted valley fever. Despite the Court's previous admonitions regarding statute of limitations and improper venue issues, Plaintiff again alleges claims based on events which occurred in 2005 and he again includes claims against prison officials at Deuel Vocational Institution ("DVI") in Tracy, California. Additionally, Plaintiff realleges his claims against staff at Pleasant Valley State Prison ("PVSP") in Coalinga, California and Avenal State Prison ("ASP") in Avenal, California.

Named as Defendants are: California Department of Corrections and Rehabilitation Secretary Matthew L. Cate, DVI Warden S. R. More, DVI Chief Medical Officer John Doe, DVI Classification Services Representative L. Puig, PVSP Warden James A. Yates, PVSP Chief Medical Officer Felix Igbinosa, PVSP Classification Services Representative S. Requa, ASP Warden James D. Hartley, and ASP Chief Medical Officer Robert Chapnick. Plaintiff seeks monetary damages, declaratory relief, and injunctive relief.

Following his criminal conviction, Plaintiff was transferred from the Sacramento County Jail to DVI, a reception center, on or around March 9, 2005. Plaintiff had previously been diagnosed by a jail physician with asthma, TB exposure, and a hyperactive thyroid. Plaintiff alleges that on March 11, 2005, his medical history was not reviewed and the Chief Medical Officer at DVI failed to evaluate him. Plaintiff alleges that if those things had occurred, staff would have been determined that he was susceptible to coccidioidomycosis, or valley fever. Plaintiff also alleges that he was not advised he could appeal his transfer on medical grounds, which would have precluded his transfer to an area that was high risk for valley fever.

On March 24, 2005, Defendant Puig, a classification services representative at DVI, failed to inquire about a medical review before endorsing Plaintiff to PVSP.

On July 8, 2005, Plaintiff arrived at Corcoran State Prison, and he was subsequently transferred to PVSP on August 31, 2005. At PVSP's receiving and release, Plaintiff was evaluated by a nurse rather than a doctor. The nurse checked Plaintiff's blood pressure and temperature, and upon inquiry, the nurse told Plaintiff that when he reached the yard, he would receive a medical follow-up review. Plaintiff was placed on D-yard but he was not evaluated by a doctor.

Shortly thereafter, Plaintiff began having breathing problems. Plaintiff was provided with three types of inhalers but he continued to have breathing problems through 2007, approximately.

On May 18, 2007, Plaintiff contracted valley fever.

On April 19, 2010, Plaintiff was transferred to ASP. At that time, Plaintiff was suffering from continuous flu-like symptoms and shortness of breath, which continued through 2011.

Plaintiff was treated for the flu, and in July 2012, he was diagnosed with valley fever and prescribed medication.

Plaintiff continued to have shortness of breath, fatigue, headaches, skin ulcers, severe joint pain, and coughing, and he had severe asthma attacks twice. Plaintiff was diagnosed with chronic obstructive pulmonary disease ("COPD"), which can be caused by valley fever.

On September 4, 2012, Plaintiff was issued a medical classification chrono placing him in the permanent medical high-risk category, which mandated his transfer to another institution.

In November 2012, Plaintiff was prescribed four medications for his lung issues, including one which requires careful monitoring due its risks. On December 31, 2012, Plaintiff had a severe COPD attack and he was admitted to the infirmary so he could be monitored.

Plaintiff alleges his rights under the Eighth Amendment of the United States Constitution were violated vis a vis his transfer to two prisons located in an area that is high risk for valley fever. Plaintiff alleges that he never should have been transferred to PVSP and then ASP, and that as a result of his transfer, he contracted valley fever, which has led to COPD, a life threatening illness. Plaintiff also alleges that his rights under the Due Process Clause of the Fourteenth Amendment were violated vis a vis the failure to provide him with notice of the dangers and a choice regarding prison transfers while at DVI; the denial of reasonable access to normal law library use and phone calls while at DVI; the denial of exercise for 120 days while at DVI; the denial of the ability to appeal his conditions of confinement; the denial of the opportunity to transfer out of the areas at high risk for valley fever; the denial of exercise, law library access, and phone calls to his family for the 12 days he was housed in the infirmary at ASP; and the confinement to quarters for 120 days following a recurrence of valley fever.

**B.    Eighth Amendment Claims**

**1.    Legal Standard**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones*, 297 F.3d at 934. To state a claim, Plaintiff must demonstrate a link between actions or

omissions of each named defendant and the violation of his rights; there is no *respondeat superior*, or vicarious, liability under section 1983. *Iqbal*, 556 U.S. at 676-77, 129 S.Ct. at 1949; *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010).

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. *Morgan*, 465 F.3d at 1045 (citing *Rhodes*, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. *Morgan*, 465 F.3d at 1045 (quotation marks and citations omitted); *Hope v. Pelzer*, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); *Rhodes*, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, *Morgan*, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. *E.g., Farmer*, 511 U.S. at 847; *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Morgan*, 465 F.3d at 1045; *Johnson*, 217 F.3d at 731; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

///
///
///
///

### 2. Claims Against Staff at DVI

Notwithstanding the virtual certainty that Plaintiff's claims against staff at DVI are barred by the statute of limitations[1] and disregarding the issue of improper venue, Plaintiff's amended complaints sets forth no facts supporting a claim that Defendants More, John Doe, and Puig knowingly disregarded a substantial risk of harm to Plaintiff's health or safety. *Farmer*, 511 U.S. at 847. Plaintiff's claim that in 2005, prison officials failed to adhere to a memorandum which would not be issued until 2007 is patently frivolous, but regardless, a violation of state law and/or prison rules, regulations, and/or policies, as Plaintiff alleges, is insufficient to support a claim for relief under section 1983.[2] Plaintiff's allegations do not demonstrate deliberate indifference to his health or safety and therefore, his Eighth Amendment claim fails.

### 3. Claims Against Staff at PVSP and ASP

Plaintiff's allegations also fail to support a claim against Defendants Yates, Igbinosa, Requa, Hartley, and Chapnick for violating his rights at PVSP and ASP. There is no factual support for Plaintiff's claim that his transfer to PVSP and ASP constituted a substantial risk of serious harm to his health or that Defendants knew of and disregarded any such risk. The fact that Plaintiff contracted valley fever and then COPD does not suffice to support a claim for violation of the Eighth Amendment nor does the mere existence of a greater risk of valley fever exposure at PVSP and ASP. The Court sympathizes with Plaintiff's medical difficulties but Plaintiff's amended complaint sets forth insufficient facts to support a claim that prison officials at PVSP and ASP violated his rights under the Eighth Amendment.

### B. Due Process Claims

Plaintiff's due process claims are similarly unavailing.

---

[1] The Court takes judicial notice of Plaintiff's petition for writ of habeas corpus, in which Plaintiff represented he is serving a thirteen year sentence. *Love v. Hartley*, 2:12-cv-01914-JFM (E.D. Cal.). Accordingly, Plaintiff had four years from the date his claims accrued within which to file suit, Cal. Civ. Proc. Code §§ 335.1, 352.1, not including the time the statute of limitations was equitable tolled during the pursuit of administrative remedies, if applicable, *McDonald v. Antelope Valley Community College Dist.*, 45 Cal.4th 88, 101-03 (Cal. 2008).

[2] Notwithstanding the fact that the memo was issued several years after Plaintiff was transferred to PVSP, the memo does not support Plaintiff's contention that he should not have been transferred to PVSP; Plaintiff did not suffer from a health issue that fell within the identified criteria precluding transfer. (Amend. Comp., pp. 32-33.)

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). Plaintiff lacks a protected liberty interest in being incarcerated at a particular prison, *Meachum v. Fano*, 427 U.S. 215, 224-25, 96 S.Ct. 2532 (1976); *see also Olim v. Wakinekona*, 461 U.S. 238, 244-45, 103 S.Ct. 1741 (1983), and in the prison's appeals process, *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Furthermore, Plaintiff's claim that his constitutional rights were violated when he was deprived of outdoor exercise, phone calls, and law library access for 12 days while he was housed in the infirmary is frivolous. *Wilkinson*, 545 U.S. at 221; *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

With respect to the alleged denial of exercise, phone calls, and law library access for 120 days while at DVI between March and June 2005, Plaintiff did not file suit until November 16, 2011, which was approximately 7 ½ years later. Plaintiff's claims against staff at DVI are time barred on their face, and despite being placed on notice of that issue, Plaintiff failed to allege *any* facts in his amended complaint suggesting that grounds exist to allow the claims to proceed despite their obvious staleness.[3] *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

Finally, Plaintiff's confinement to quarters for 120 days for medical reasons - a recurrence of valley fever – provides no basis for a due process claim. *Wilkinson*, 545 U.S. at 221; *Myron*, 476 F.3d at 718.

### III. Conclusion and Order

Plaintiff's amended complaint fails to state any claims upon which relief may be granted under section 1983. The Court previously provided Plaintiff with notice and an opportunity to file an amended complaint as to his Eighth Amendment claims. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-

---

[3] If the claims were not clearly time barred and if they were otherwise cognizable, they would be subject to severance and transfer, as venue is appropriate in the Sacramento Division of the Eastern District of California. 28 U.S.C. § 1404(a); *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise defective venue sua sponte); *Davis v. Mason County*, 927 F.2d 1473, 1479 (9th Cir. 1991) (courts have broad discretion regarding severance).

13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Further leave to amend is not warranted in light of the bases for Plaintiff's claims.

Plaintiff's due process claims were not previously alleged, but given the deficiencies at issue, further leave to amend is not required.  *Akhtar*, 698 F.3d at 1212-13; *Lopez*, 203 F.3d at 1130.  Plaintiff's claims from 2005 are time barred; Plaintiff's claims concerning his 12-day confinement to the infirmary, the appeals process, and his prison transfers are not cognizable; and Plaintiff's amended complaint is devoid of any facts supporting a claim that a 120-day confinement-to-quarters for medical reasons constituted the deprivation of a protected liberty interest without due process of law.

Accordingly, this action is HEREBY ORDERED DISMISSED, with prejudice, for failure to state a claim under section 1983, and the Clerk of the Court shall enter judgment.

IT IS SO ORDERED.

Dated:   **March 26, 2014**                               **/s/ Sheila K. Oberto**
                                                      UNITED STATES MAGISTRATE JUDGE

8